UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FAREED ALSTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:18-cv-01569-AGF |
| CITY OF SAINT LOUIS, MISSOURI, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Fareed Alston, a filmmaker, claims that while documenting protest activity following the September 15, 2017, verdict in *State of Missouri v. Stockley*, St. Louis Metropolitan Police Department (SLMPD) officers unlawfully "kettled,"[1] pepper sprayed, assaulted, and arrested him. Alston brings this civil rights action under 42 U.S.C. § 1983 against several SLMPD officers[2] alleged to be involved in the relevant events, as well as the City of St. Louis. This is one of several cases arising out of SLMPD officers' conduct with respect to the *Stockley* protests.

---

[1] According to the complaint, "kettling" is a law enforcement tactic by which officers encircle a group of demonstrators or protestors without providing a means of egress.

[2] Alston names each of the officers in their individual and official capacities, without specifying in which capacity the various claims are asserted. However, any claim against officers in their official capacity is treated as a claim against the City. *See Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998).

As have the defendants in the other cases, the City and six of the individual supervising officers ("Supervisors") named as Defendants here move to dismiss or, alternatively, to strike Alston's amended complaint. For the reasons that follow, the Court will dismiss Alston's failure-to-train claim and his request for punitive damages on the state-law claims against the City and the Supervisors in their official capacities only; the Court will otherwise deny the motion.

## BACKGROUND

Taken as true for the purpose of this motion, the facts alleged in the amended complaint are as follows. On September 15, 2017, the Circuit Court of the City of St. Louis issued its findings and verdict in *Stockley*, prompting some members of the public to engage in protests around the City. The protests concerned not only the verdict but broader issues, including racism in the criminal justice system and the use of force by police officers against African-American citizens. Although most of the protests were non-violent, SLMPD officers "amassed at several protests wearing military-like tactical dress, helmets, batons, and full-body riot shields and carrying chemicals." ECF No. 28 ¶ 28.

Alston is a video journalist who documents protests in St. Louis in his role as the sole proprietor of City Productions and Publishing. On September 17, 2017, Alston attended a protest in the downtown area of the City in order to document police interactions with protestors. He was wearing a press pass and carried a camera around his neck. Without first providing a warning, a command, or an opportunity to leave the area, SLMPD officers kettled Alston and others at the intersection of Washington Avenue and Tucker Boulevard. Alston filmed these activities. Alston then approached an officer and asked to

be let out of the kettle, and without warning or verbal direction, the officer pushed Alston back with his baton and his shield and, along with a second officer, sprayed pepper spray in Alston's face. Alston fell to the ground, and number of officers then began to kick Alston and continue to spray him with pepper spray. The officers kicked and pepper-sprayed Alston for over two minutes, until other individuals began to fall on top of Alston. Officers then arrested Alston using three zip ties tied very tightly. An officer told Alston that "this is what [he] got for wanting to videotape the police." ECF No. 28 ¶ 151. Another officer ripped Alston's camera from around his neck, slammed the camera on the ground, and powered it off.[3] Alston was held in a crowded cell for nearly 24 hours and experienced injuries from the pepper spray and zip ties. Upon release, he was not told why he had been arrested or what he was being charged with. He was given his camera back upon release, but it had been badly damaged.

Alston claims that he was not engaged in unlawful activity at any time during his encounter with police. Alston further alleges that during and after the arrest, SLMPD officers were observed high fiving each other, smoking celebratory cigars, taking "selfies" on their cell phones with arrestees against the arrestees' will, and chanting "Whose Streets? Our Streets!" *Id.* ¶ 96.

As noted above, Alston's 14-count amended complaint names the City and several SLMPD officers alleged to be involved in the relevant events. The Supervisors who have

---

[3] Alston has not been able to identify the officers who pepper sprayed, kicked, or taunted him, in part because the pepper spray impaired his vision. Alston has identified the officer who arrested him as Defendant Christopher Myers. As of the date of this Memorandum and Order, Myers has not entered his appearance in this case.

moved for dismissal are: Lieutenant Colonel Gerald Leyshock, the incident commander during the events of September 17, 2017, who allegedly approved the plan to restrict the movement of individuals who were attempting to leave the vicinity of Washington Avenue and Tucker Boulevard and to arrest everyone present; Lieutenant Timothy Sachs, who allegedly developed the plan described above, deployed the tactical units accordingly, and ordered the use of chemical agents; Lieutenant Scott Boyher, who allegedly directed the officers under his command in using their bicycles to block Alston's path, and directed the officers to use force and to arrest the protestors in Alston's group; Sergeant Matthew Karnowski, who allegedly declared the protests an "unlawful assembly," which SLMPD used as a predicate to the arrests and use of the chemical agents, and also directed the officers under his command to use force and to arrest the protestors in Alston's group; Sergeant Randy Jemerson, who allegedly directed people to the intersection of Washington and Tucker pursuant to the plan described above; and Sergeant Brian Rossomanno, who also allegedly directed people to the intersection, and was "within arms-length" of the officers who pepper sprayed and used force against the protestors in Alston's group. Alston also names the arresting officer, Myers, as well as John Does #1-5, who were further involved in arresting, pepper spraying, and assaulting Alston but who removed their name tags and wore masks concealing their faces, thereby preventing Alston from identifying them.

Alston asserts unlawful arrest (Count I), First Amendment (Count II), and excessive force (Count XII) claims against the individual officers pursuant to § 1983. He also asserts § 1983 claims against the City (Count IV) alleging municipal liability for the officers'

unlawful actions and against all Defendants (Count III) alleging that Defendants "acting in their individual capacities and under color of law, conspired together and with others, and reached a mutual understanding to undertake a course of conduct that violated Plaintiff's civil rights." ECF No. 28 ¶ 191. Finally, Alston asserts supplemental state-law claims against all Defendants alleging assault (Count V), false arrest (Count VI), false imprisonment (Count VII), abuse of process (Count VIII), malicious prosecution (Count IX), intentional infliction and negligent infliction of emotional distress (Counts X and XI), battery (Count XIII), and conversion (Count XIV).

The City and Supervisors move to dismiss the amended complaint for failure to comply with the "short and plain statement" requirement of Fed. R. Civ. P. 8(a). Alternatively, the City and the Supervisors move to strike certain paragraphs of the amended complaint under Fed. R. Civ. P. 12(f) as immaterial or impertinent. The allegations and exhibits to which the City and Supervisors object concern the *Stockley* verdict, the nature of public protests in response thereto, and prior orders of this Court concerning SLMPD actions in response to public protests.

The Supervisors also move to dismiss Alston's § 1983 claims under Rule 12(b)(6), arguing that Alston fails to allege that the Supervisors personally participated in the use of force.[4] As to the state-law claims, the Supervisors argue that they should be dismissed under Missouri's official immunity doctrine. The Supervisors and the City also argue that

---

[4] The single paragraph addressed to the Supervisors' individual liability under § 1983 does not refer to Alston's unlawful arrest claim in Count I, First Amendment claim in Count II, or civil conspiracy claim in Count III.

the infliction of emotional distress claims are not actionable because the same facts give rise to another cognizable tort, namely, assault, and that the claims alleging battery and assault are duplicative.

The City moves to dismiss Alston's § 1983 conspiracy claim on the basis that it is barred by the intracorporate conspiracy doctrine, citing *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1078 (8th Cir. 2016). The City contends that, as Eighth Circuit held in *Kelly*, a local government entity cannot conspire with itself through its agents acting within the scope of their employment. The City further argues the civil conspiracy claim fails because the underlying claims on which it is based fail.

Next, the City moves to dismiss Alston's § 1983 claim, arguing that it fails to adequately allege municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Finally, the City argues that Alston's state-law claims against it are barred by sovereign immunity and that, in any event, Mo. Rev. Stat. §537.610.3 precludes the recovery of punitive damages against it on the state-law claims.

## **DISCUSSION**

The undersigned recently addressed the arguments presented by the parties here in the context of another case arising out of the *Stockley* protests, in which the City and Supervisors filed a nearly identical motion to dismiss in response to a substantially similar complaint, *Laird v. City of Saint Louis, Missouri*, 4:18-cv-01567-AGF, 2019 WL 2647273 (E.D. Mo. June 27, 2019).

The Court concluded in *Laird* that the plaintiffs failed to state a failure-to-train-or-supervise claim against the City under *Monell* because the plaintiffs pled no non-

conclusory factual allegations with respect to the alleged deficiencies in training and supervision. *Id.* at *6. The Court further concluded that the plaintiffs could not recover punitive damages on the state-law claims against the City or the Supervisors in their official capacities, pursuant to Mo. Rev. Stat. § 537.610.3. *Id.* at *7.

However, the Court concluded that the motion to dismiss in *Laird* was otherwise without merit. Specifically, the Court found that the complaint's factual allegations and supporting exhibits regarding the *Stockley* verdict, the nature of public protests in response thereto, and prior orders of this Court concerning SLMPD actions in response to public protests, were relevant to the plaintiffs' claims and that neither dismissal under Rule 8(a) nor striking under Rule 12(f) was warranted. *Id.* at *3-4. Next, the Court found that the plaintiffs adequately alleged the Supervisors' direct involvement in planning, approving, and/or executing the alleged uses of force so as to support the § 1983 excessive force claims against them. *Id.* at *4.

The Court further found that it was inappropriate to apply the intracorporate conspiracy doctrine to the plaintiffs' § 1983 conspiracy claim, at least at the pleading stage, and that the conspiracy was sufficiently supported by allegations of underlying constitutional violations. *Id.* at *4-5. With respect to the plaintiffs' remaining § 1983 *Monell* claims against the City, the Court found that the plaintiffs' factual allegations regarding the SLMPD's pattern of using chemical agents without warning against peaceful protestors complaining of police actions plausibly stated a claim against the City based on an unconstitutional policy or custom. *Id.* at *5.

As to the plaintiffs' state-law claims against the City, the Court held that the plaintiffs adequately pleaded an exception to sovereign immunity under Mo. Rev. Stat. § 537.610.1, by pleading that the City obtains insurance through the Public Facilities Protection Corporation ("PFPC") or, alternatively, that the PFPC serves as a self-insurance plan. *Id.* at *6. The Court also rejected the Supervisors' claim of official immunity with respect to the state-law claims because the plaintiffs adequately alleged an exception to official immunity based on the Supervisors' bad faith or malice. *Id.* at *7. Finally, the Court held that the plaintiffs' assault, battery, and infliction of emotional distress claims were cognizable under Missouri law and not necessarily duplicative. *Id.*

As noted in *Laird*, other judges in this District have come to the same or similar conclusions in *Stockley* protest cases presenting these legal arguments. *See, e.g.*, *Laney v. City of St. Louis, Mo.*, No. 4:18 CV 1575 CDP, 2019 WL 2423308 (E.D. Mo. June 10, 2019); *Aldridge v. City of St. Louis, Mo.*, No. 4:18-CV-1677 CAS, 2019 WL 1695982 (E.D. Mo. Apr. 17, 2019). Upon careful review of the briefs and the record in the present case, the Court finds that its reasoning in *Laird* applies equally to the arguments asserted by the parties here. The Court therefore comes to the same conclusion.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Amended Complaint and Alternative Motion to Strike is **GRANTED in part and DENIED in part**. ECF No. 34. The motion is **GRANTED** only as to the failure-to-train claim included in Count IV (the remainder of Count IV survives dismissal) and the request for punitive

damages on the state-law claims against the City of St. Louis and against Gerald Leyshock, Timothy Sachs, Scott Boyher, Randy Jemerson, Matthew Karnowski, and Brian Rossomanno in their official capacities. The motion is otherwise **DENIED**.

The Court will set a Rule 16 conference by separate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July, 2019.